D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

LUIS SUMBA,

                Plaintiff,

v.

NKN CONSTRUCTION, INC., and
MUHAMMAD NAWAZ,

                Defendants.

-------------------------------------------------------x

**COMPLAINT**

**CASE NO.:**

**JURY TRIAL DEMANDED**

Plaintiff Luis Sumba alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

1

## PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant NKN Construction, Inc. is a New York corporation that is located at 5723 2nd Ave., Brooklyn, New York.

5. Upon information and belief, NKN Construction, Inc. has an annual gross volume of sales in excess of $500,000.

6. NKN Construction, Inc. is owned and operated by Defendant Muhammad Nawaz.

7. NKN Construction, Inc. is a construction sub-contracting company that provides, among other things, construction scaffolding to construction sites.

8. Defendant Nawaz exercises sufficient control of the company's day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

9. Defendant Nawaz hires and fires employees at NKN Construction, Inc. Defendant Nawaz hired and fired Plaintiff.

10. Defendant Nawaz controls employees' schedules and rates of pay.

11. To the extent that employment records are kept for employees, Defendant Nawaz maintains those records.

12. Plaintiff Sumba was employed as a construction worker by Defendants from 2013 until about May 2021.

## FACTS

13. Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

14. Defendants knew that nonpayment of the overtime premium would economically injure Plaintiff and that it violated federal and state laws.

15. Throughout Plaintiff's employment with Defendants, Plaintiff worked approximately twenty-nine days each month.

16. Plaintiff would work an additional shift once or twice each week.

17. Plaintiff's regular shift was 7:00 a.m. until 3:00 p.m.

18. Plaintiff's extra shift was either 8:00 p.m. until 3:00 a.m., or 10:00 p.m. until 5:00 a.m., depending on the day.

19. Plaintiff was paid a flat rate per shift.

20. The shift rate that Defendants paid Plaintiff changed over time. In 2016, Plaintiff was paid $170 per shift. In 2017, Plaintiff was paid $180 per shift. In 2018, Plaintiff was paid $180 per shift. In 2019-2020 Plaintiff was paid $200 per shift. From approximately September 2020 through May 2021, Plaintiff was paid $230 per shift.

21. Plaintiff regularly failed to pay Plaintiff at one-and-one-half times his regular hourly rate for work in excess of forty (40) hours per workweek and willfully failed to keep records required by the FLSA and relevant regulations, even though Plaintiff had been entitled to overtime.

22. Defendants instructed Plaintiff to tell other workers that he was earning forty-five dollars per hour and that he was part of the United Service Workers Union.

23. Defendants gave Plaintiff a union membership card with his name on it.

24. Upon information and belief, Defendants entered into a contract with a union or a subcontractor to pay construction workers, including Plaintiff, forty-five dollars per hour. Defendants failed to pay Plaintiff the agreed upon forty-five dollars per hour.

25. Defendants did not pay Plaintiff any "spread of hours" premium when Plaintiff's workday lasted longer than 10 hours.

26. Defendants did not give Plaintiff any regular wage statements.

27. Defendants did not provide Plaintiff a written notice of his wage at the time of his hire or at any point thereafter.

## FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

28. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

29. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

30. At all relevant times, Defendants had operated under a decision, policy and plan of willfully failing and refusing to pay Plaintiff at one-and-one-half times his regular hourly rate for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations, even though Plaintiff had been entitled to overtime.

31. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times his regular rate for hours worked in excess of forty (40) hours per workweek.

32. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

34. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

35. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

36. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(Breach of Contract)**

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

38. Upon information and belief, Defendants entered into a contract with the United Service Workers Union. The contract contained reference to certain benefits, among them a forty-five dollar per hour salary for the benefit of Plaintiff.

39. Defendants breached the contract by paying Plaintiff less than a forty-five dollars per hour salary.

40. By reason of its breach of contracts, Defendants are liable to Plaintiff for payment of wages at required wage rates, plus supplemental benefits, for each hour worked, less amounts already paid, to be determined at trial, plus interest, costs and attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

42. Defendants did not provide Plaintiff with the wage statements required by N.Y. Lab. Law § 195.

43. Defendants did not provide Plaintiff with a written wage notice as required by N.Y. Lab. Law § 195.

44. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of penalties, in amount to be determined at trial, costs and attorneys' fees, as provided by N.Y. Lab. Law §§ 663, 198.

## FIFTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6)

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46. Plaintiff had workdays that lasted more than ten (10) hours.

47. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when his workdays lasted more than ten (10) hours, as required by New York law.

48. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including compensatory damages and liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

E.     Pre-judgment and post-judgment interest, as provided by law; and

F.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
July 16, 2021

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____

Michael DiGiulio
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.